J-S15007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVION ANTHONY SINCLAIR | : | |
| | : | |
| Appellant | : | No. 1118 WDA 2020 |

Appeal from the PCRA Order Entered September 21, 2020
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000242-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVION ANTHONY SINCLAIR | : | |
| | : | |
| Appellant | : | No. 1119 WDA 2020 |

Appeal from the PCRA Order Entered September 21, 2020
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000830-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED: AUGUST 9, 2021**

Davion Anthony Sinclair appeals from the order, entered in the Court of
Common Pleas of Lawrence County, denying his petition filed pursuant to the
Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful
review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The PCRA court summarized the facts of this case as follows:

On December 1, 2017, the Commonwealth filed an Information charging [Sinclair] with burglary,[1] theft by unlawful taking or disposition,[2] and receiving stolen property[3] at [docket] number 830 of 2017,[4] [. The Commonwealth filed a second] Information on May 1, 2018, charging [Sinclair] with burglary, possession of firearm with altered manufacturer's numbers,[5] altering or obliterating marks of identification,[6] theft by unlawful taking or disposition, receiving stolen property, two counts of criminal trespass,[7] firearms not to be carried without a license,[8] and criminal mischief[9] at [docket] number 242 of 2018[. Sinclair] entered guilty pleas in those cases on April 17, 2019, to the charge[s] of receiving stolen property at [docket] 830 of 2017[,] and possession of a firearm with altered manufacturer's number at [docket] 242 of 2018, [] in exchange for the Commonwealth recommending a sentence of not less than one year nor more than four years of incarceration[, at each count,] with those sentences to be served concurrently. []

[On May 2, 2019], the court sentenced [Sinclair] to a term of incarceration of not less than 27 days nor more than 4 years with credit for 27 days already served at [docket] 830 of 2017, [] and sentenced [Sinclair] to a term of incarceration of not less than 431

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 3925(a).

[4] The Commonwealth filed an amended Information on April 10, 2019, which contained the same charges and grading as the original Information.

[5] 18 Pa.C.S.A. § 6110.2(a).

[6] 18 Pa.C.S.A. § 6117(a).

[7] 18 Pa.C.S.A. § 3503(a)(1)(i).

[8] 18 Pa.C.S.A. § 6106(a)(1).

[9] 18 Pa.C.S.A. § 3304(a)(5).

days nor more than 4 years with credit for 431 days already served at [docket] 242 of 2018[.] The court ordered those sentences to be served concurrently. [Sinclair] did not file a[ direct] appeal following the imposition of his sentence[;] however, he filed a petition for parole on June 21, 2019, at [docket] 242 of 2018, [] and [on] June 25, 2019, at [docket] 830 of 2017[.] A hearing was held on July 2, 2019, and [Sinclair's parole] petitions were granted[. Sinclair] was released [the next day] from incarceration and remained under the supervision of the Adult Probation Office of Lawrence County.

[Sinclair] filed [a *pro se*] motion for post[-]conviction relief on August 15, 2019, and [the court appointed] Dennis W. McCurdy, Esquire[, as PCRA counsel.] . . . [Attorney McCurdy, on Sinclair's behalf,] filed motions to amend [Sinclair's *pro se*] PCRA petition on August 29, 2019[. The amended petition] asserted [that] the sole issue for the [PCRA] court's consideration is whether [Sinclair]'s trial counsel was ineffective for coercing him into entering the guilty pleas.

[At the October 8, 2019 PCRA hearing on Sinclair's amended petition], [Sinclair] presented two witness[es], [himself] and his trial counsel[,] Lawrence J. Keith, Esquire.

During his testimony [], Attorney Keith recalled that [Sinclair] was [initially offered] a recommended sentence with a maximum time of incarceration of three years [] prior to [Sinclair] filing [an] omnibus pretrial motion[. The Commonwealth's offer] was [later increased] to a term of incarceration of four years[, which Sinclair accepted] at the time [he] entered his pleas. On April 17, 2019, Attorney Keith met with [Sinclair] concerning [the] proposed plea offer [of a maximum of four years' incarceration on each docket.] Attorney Keith indicated to [Sinclair that] it was his opinion [that Sinclair] should accept the plea offer. [I]t was Attorney Keith's belief, if the case proceeded to trial, [that Sinclair] would have been convicted of several charges involving the possession of firearms[, which would have] result[ed in the court imposing] a more severe sentence. Attorney Keith did not recall being unreasonably rude with [Sinclair] in their conversation concerning the [four-year maximum] plea offer. [Attorney Keith] also emphasized to [Sinclair that], if [Sinclair] decided to plead guilty, [Sinclair] would have to assume he would be deported based upon his immigration status[. Attorney Keith testified that Sinclair] was not concerned about deportation because of his status as a lawful permanent resident. [Sinclair] then decided to enter the guilty

- 3 -

pleas [that day]. Attorney Keith reviewed the written guilty plea colloquy with [Sinclair] and [Sinclair] understood it. According to Attorney Keith, [Sinclair] did not ask to withdraw his guilty pleas [at the plea colloquy hearing,] despite Attorney Keith asking for [a "time out"[10]] during those proceedings.

_____

[10] The plea hearing and the "time out" proceeded as follows:

[By the Commonwealth Attorney:]

Q. Do you admit that on or about September 12th, 2017, you did possess a crossbow, a Hoyt compound bow, nitrile disposable gloves, a Timberland jacket, a safety harness, an outdoor backpack, a Sony thumb drive, a 14[-]carat gold ring with diamonds and an emerald, a .38 caliber ammunition, a Parker knife, a Phillips screwdriver, five Kobalt socket wrenches, a Kobalt crescent wrench, tin snips, Kobalt needle nose pliers, a pair of pliers, a pair of woman's pants, a pearl necklace, diamond studded earrings, a mini iPad, all belonging to Travis and Abbie Sarver, valued at approximately $3,142 with no intent to return the property to either of them? Do you admit to that?

[Sinclair:] Yes.

Q. Do you also admit that—

[Attorney Keith]: **Time out.**

**(Discussion held off the record between the Defendant and his counsel.)**

[Commonwealth Attorney]: [**Sinclair**] **admits that?**

[Attorney Keith]: **Yeah.**

[By the Commonwealth Attorney]:

Q. Do you also admit that on or about August 19, 2017, you did possess a .357 magnum lever action long[-]range gun with an obliterated serial number?

A. Yes.

[Attorney Keith further testified that, a]fter [pleading guilty, Sinclair] contacted the Lawrence County Public Defender's Office[,] asking to withdraw his guilty pleas, which prompted Attorney Keith to meet with [Sinclair] at Lawrence County Corrections.  At that time,[] Cathy Wigton, [Investigator for the Lawrence County Public Defender's Office,] accompanied Attorney Keith to speak with [Sinclair].  Attorney Keith informed [Sinclair that] he was willing to draft a motion to withdraw the guilty pleas and request a hearing date, if [Sinclair] wished to proceed in that manner.  Attorney Keith [also offered to withdraw his representation in the matter and request that] new counsel [] be appointed[.]  **However, [Sinclair] decided to forego withdrawing his guilty pleas after Attorney Keith explained to him th[at] withdrawal would place [Sinclair] in the same position as before [he tendered his] pleas and [] would [further delay Sinclair's] opportunity to be released on parole**.

During their conversations, Attorney Keith and [Sinclair] exchanged [heated] words[], which included Sinclair exclaiming [that] the Public Defender's Office[] "sold him out."  Attorney Keith admitted[, during his testimony, that] he called [Sinclair "]ungrateful["] during their conversation.  **Ultimately, [at the meeting at Lawrence County Corrections,] Attorney Keith asked [Sinclair] directly if he wished to withdraw his guilty pleas and [Sinclair] stated he did not wish to have his guilty pleas withdrawn.**

---

Q.  Did you talk to your attorney before you entered this guilty plea today?

A.  Yes.

Q.  Did he explain all the charges and the nature and the elements of the charges against you?

A.  Yes.

Q.  **Are you satisfied with Attorney Keith's services?**

A.  **I am.**

N.T. Guilty Plea Hearing, 4/17/19, at 6-7 (emphasis added).

[Sinclair] also testified[ at the PCRA hearing. Sinclair] indicated [that] he [is currently] incarcerated at Cambria County Prison in Ebensburg, Pennsylvania, for issues involving naturalization and immigration. According to [Sinclair], when he informed Attorney Keith [that] he wished to proceed to trial when they spoke on April 17, 2019, about the proposed guilty pleas [in exchange for the recommendation of a maximum sentence of four years' incarceration], Attorney Keith advised [Sinclair] that he "pissed that judge off" by de[clining] the first plea offer and called [Sinclair] "one stupid, ungrateful son of a bitch." [Sinclair] recalled [that] Attorney Keith stated [that he] would make sure [Sinclair] made it home to his family as quick as possible if [Sinclair] accepted the guilty pleas. [Sinclair] eventually decided to enter the guilty pleas on that date, which included completing the written plea colloquy and conducting an oral colloquy on the record. [Sinclair further testified that, d]uring the oral colloquy [], [Sinclair] paused at one point and Attorney Keith [requested the aforementioned "time out," *see supra*, at n.10, which the court granted to permit Attorney Keith to] h[o]ld a discussion with [Sinclair] off the record. [Sinclair] acknowledges [that] he never[, on the record, requested that the court,] stop the proceeding because he did not wish to plead guilty. [Sinclair testified that] he attempted to contact Attorney Keith several times requesting to withdraw his guilty pleas, which prompted Attorney Keith to meet with him at Lawrence County Correction[s.]

[Sinclair] rested after the conclusion of th[e October 8, 2019] hearing, but, based upon the testimony [elicited at the hearing], the Commonwealth requested [that the court schedule] another hearing to present [additional Commonwealth] testimony. Th[e court granted the Commonwealth's] request [] and another hearing was scheduled for January 7, 2020. However, [Sinclair]'s counsel requested a continuance [since Sinclair] could not be located because he was detained by [the United States] Customs [and Border Protection agency within the Department of Homeland Security]. [T]he court [granted the defense continuance request and rescheduled] the hearing [] for April 1, 2020. The court then continued the hearing pending further order of court as a result of the Declaration of Judicial Emergency and closure of the courts by the Pennsylvania Supreme Court[ due to the COVID-19 pandemic,] pending the re-opening of the courts. [*See In re General Statewide Judicial Emergency*, 228 A.3d 1280 (Pa. 2020)]. On April 24, 2020, P. William Bercik, Esquire, entered his appearance as counsel of record for [Sinclair], [and] Attorney McCurdy [withdrew] on June 12, 2020.

[On] July 20, 2020[,] the court held the [Commonwealth's requested] hearing[,] which consisted of the Commonwealth presenting the testimony of [] Wigton [] and Jean K. Perkins, Esquire, [] an Assistant Public Defender [who represented Sinclair at sentencing].

Attorney Perkins [testified that Sinclair] did not ask for his guilty pleas to be withdrawn [at sentencing,] nor did he indicate a reluctance to proceed with sentencing. Attorney Perkins also testified [that Sinclair] did not express any concern regarding the plea bargain or unhappiness with Attorney Keith's representation. According to Attorney Perkins, the major focus of their conversation prior to the sentencing hearing was [Sinclair]'s inquir[y] as to whether he would be accepted for parole to Connecticut. [Sinclair was] also [given the opportunity to, and he did,] ma[k]e a statement [to the court] during his sentencing hearing[, but he never] mention[ed his] desire to withdraw his guilty pleas or [stated that he had] any issues [] with Attorney Keith['s representation] or [that of] other members of the Public Defender's Office.

[] The court issued an order [] and opinion on September 21, 2020, which denied [Sinclair]'s [petition] for [PCRA] relief in its entirety. [Sinclair] filed [] timely notice[s[11]] of appeal [] on October 20, 2020.

PCRA Court Opinion, 9/21/20, at 2-7 (footnotes and unnecessary capitalization omitted; paragraphs reordered for clarity).

The court and Sinclair subsequently complied with Pa.R.A.P. 1925. On October 30, 2020, this Court consolidated Sinclair's appeals *sua sponte*. **See**

_____

[11] Sinclair has filed two notices of appeal, one at each docket number. Therefore, Sinclair has complied with the requirements of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower court docket number or appeal will be quashed); **Commonwealth v. J. Johnson**, 236 A.3d 1141, 1146 (Pa. Super. 2020) (en banc) (same). **See also Commonwealth v. R. Johnson**, 236 A.3d 63, 66 (Pa. Super. 2020) (en banc) (revisiting **Walker** requirements); Pa.R.A.P. 341(a).

Pa.R.A.P. 513.   On appeal,[12] Sinclair presents the following issues for our review:

1.  Whether [Sinclair]'s guilty plea was knowingly, voluntarily[,] and intelligently made where substantial [] evidence supports his testimony that counsel coerced the plea and there is no evidence to contradict [t]his testimony?

2.  Whether [Sinclair]'s counsel was ineffective for failing, upon request, to withdraw his guilty plea before sentencing?

3.  Whether manifest injustice occurs where [Sinclair]'s guilty plea was coerced?

Appellant's Brief, at 6 (unnecessary capitalization omitted).

As a preliminary matter, we note that Sinclair's PCRA petition was timely filed and, thus, the PCRA court had jurisdiction to consider it on its merits.[13]

_____

[12] The Commonwealth, as Appellee, did not file an appellate brief.

[13] Regarding the PCRA's jurisdictional time limits, we have stated that:

[u]nder the PCRA, any petition[,] including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final.  A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Diggs**, 220 A.3 1112, 1116-17 (Pa. Super. 2019) (internal citations, quotation marks, and brackets omitted).  Here, Sinclair did not seek direct review, and therefore, his judgment of sentence became final on June 3, 2019, thirty days after the imposition of sentence on May 2, 2019, and he had until June 3, 2020 to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within 30 days after entry of appealable order); **see also** Official Note-Pa.R.A.P. 903, which provides:

***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).
("[The PCRA's] time requirement is mandatory and jurisdictional in nature,
and the court may not ignore it in order to reach the merits of the petition.").

In his first issue, Sinclair claims that he wished to take his case to trial,
that his counsel was aware of this fact, but that his counsel ultimately coerced
him into pleading guilty. ***See*** Appellant's Brief, at 16. Sinclair supports his
allegation of coercion by indicating that Attorney Keith was upset with him for
declining what Attorney Keith thought was a favorable plea offer in favor of
taking his case to trial. Sinclair states that Attorney Keith advised Sinclair
that they would "crack his head"[14] if he went to trial and that he had "pissed

---

    Rule of Appellate Procedure 107 incorporates by reference the
    rules of construction of the Statutory Construction Act of 1972, 1
    Pa.C.S.A. §§ 1901 through 1991. ***See*** 1 Pa.C.S.[A.] § 1908,
    relating to computation of time for the rule of construction relating
    to (1) the exclusion of the first day and inclusion of the last day
    of a time period and (2) the omission of the last day of a time
    period which falls on Saturday, Sunday or legal holiday.

Pa.R.A.P. 903, Official Note. Sinclair filed his *pro se* PCRA petition alleging
ineffective assistance of counsel on August 15, 2019, well within the time limit.
***See*** 42 Pa.C.S.A. § 9545(b)(3); ***Diggs***, ***supra***. ***See also*** 42 Pa.C.S.A. §§
9545(b)(1)(i), (ii), and (iii) (setting forth exceptions to time limit).

[14] At the hearing, Sinclair testified regarding that statement as follows:

    [By Attorney McCurdy:]

    Q. [C]an you tell us, please, what happened prior to the entry of
    the guilty plea? [Y]ou admit you had time to communicate with
    your attorney. Is that correct?

    A. That is correct. We had a pre-hearing privileged meeting
    where there were two sheriffs present. [Attorney] Keith came in,

that judge off." *Id.* Sinclair further alleges that he wished to stop the guilty plea proceedings when Attorney Keith requested the "time out." During the "time out," Sinclair alleges that Attorney Keith "whispered heated expletives" in his ear and then proceeded with his representation and advanced the plea

and upon sitting down across from me, the first thing he said to me was that—with all due respect to the court, he said, ["Y]ou pissed that judge off when you de[clined] that last guilty plea [offer."] I was a little bit shocked, because[,] for the record, on 1-7-2019, I made an effort to communicate to presiding Judge Dominick Motto about my attorney and how he was behaving towards my case, so when I didn't respond, [Attorney Keith] leaned forward and he said, and I quote—again, I apologize to the court—["Y]ou are one stupid, ungrateful son of a bitch, because I've been trying to get you the best plea from the beginning[." He also said that] I didn't know how to act. I didn't know how to respond because he knows I wanted to go to trial from the beginning. I went to trial on my Mercer [County] case and preserved all my rights. I had no issue going all the way. He continued by stating that[,] if I went to trial, they were going to crack my head, and if I took the plea that day, he would see that I made it home to my family as quick as possible.

Q. By crack your head, he meant that you were going to get a worse result than if he were able to get you released; is that correct?

A. Yes, sir.

Q. He wasn't saying he was going to crack your head? He didn't have a hammer or anything, right?

A. No.

Q. Okay. So[,] you just understood that to be metaphorical, symbolic?

A. Yes.

N.T. PCRA Hearing, 10/8/19, at 7-9 (unnecessary capitalization omitted).

proceedings on the record against Sinclair's wishes. Sinclair also relies on the fact that he requested that his plea be withdrawn prior to Attorney Keith and Investigator Wigton meeting with him. Sinclair states "[t]hat was the whole purpose of their meeting." Appellant's Brief, at 17. Sinclair asserts that he never relented on his position and ended the meeting affirming his initial intention to withdraw his plea. Moreover, he points to the fact that everyone agrees that Sinclair was dissatisfied at the end of the meeting to support his position. *Id.* at 18. We disagree that Sinclair's plea was not knowingly, intelligently, and voluntarily entered.

Our well-settled standard of review for an order denying a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). Also, the PCRA court's credibility findings are binding on the appellate courts where such determinations are supported by the record. *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

Our Supreme Court has previously explained that:

- 11 -

To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.*, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic[,] or tactical decision by counsel[,]" *id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue." *Id.*, § 9544(a)(2). "An issue is waived if appellant could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, [] 30 A.3d 1111, 1127 ([Pa.] 2011) ([citing] *Commonwealth v. Pierce*, [] 527 A.2d 973, 975-76 ([Pa.] 1987)). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Ali*, [] 10 A.3d 282, 291 ([Pa.] 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, [] 912 A.2d 268, 278 ([Pa.] 2006). Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Id.* at 444-45 (brackets and footnote omitted).

Additionally, the Pennsylvania Supreme Court has reiterated that:

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted).

Moreover, "[a]lthough there is no absolute right to withdraw a guilty plea[] properly received by the trial court, it is clear that a request made before sentencing . . . should be liberally allowed." *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). "In determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.'" *Id.* (citation omitted). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." *Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010). Where an appellant affirms on the record at the plea colloquy hearing that he is pleased with his attorney's services in connection with his plea, the appellant is then prevented from contradicting himself in collateral proceedings and claiming he was coerced by counsel into pleading guilty. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citing *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996)); *see also Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citing *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003)) ("A person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

["A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013) (citations and quotation marks omitted).

> To be valid under the "manifest injustice" standard, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. [*See* Pa.R.Crim.P. 590.] Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) [he is giving up] the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Kpou*, *supra* at 1023-24 (quoting *Commonwealth v. Prendes*, 97 A.3d 337, 351-54 (Pa. Super. 2014)) (citations, brackets, and some quotation marks omitted).

Here, the PCRA court found that Sinclair's plea was entered knowingly, intelligently, and voluntarily. PCRA Court Opinion, 12/4/20, at 11-14. The court relied on the fact that it inquired at the plea colloquy into whether

anyone used force or made any threat or promises to entice Sinclair to plead guilty, **see** N.T. Guilty Plea Hearing, 4/17/19, at 5; **see also** Written Guilty Plea Colloquy, 4/17/19, at 4, and into whether Sinclair was satisfied with Attorney Keith's services. **See** N.T. Guilty Plea Hearing, 4/17/19, at 5; **see also** Written Guilty Plea Colloquy, 4/17/19, at 4-5. The court further found that Sinclair was provided with ample opportunity to raise any concerns he had about being coerced into entering his guilty pleas on the record, but that he failed to do so. Finally, the court found Attorney Keith's testimony to be credible concerning his conversations with Sinclair regarding entering the guilty pleas. Although Attorney Keith acknowledged being somewhat coarse[15] with Sinclair, the court found no indication Attorney Keith's demeanor compelled Sinclair to enter his guilty pleas. Furthermore, the court noted that Sinclair was provided with an opportunity to speak on the record at his sentencing hearing and that he did not express his desire to withdraw his

_____

[15] Attorney Keith described his demeanor towards Sinclair as follows:

> A. [] I don't recall approaching [Sinclair] in any aggressive way or any different way than I would approach any other client, if that's what you're asking.
>
> Q. We can all be a little brusque on occasion, can't we?
>
> A. I'm usually brusque.
>
> Q. And did you have any reason to be unnecessarily brusque with [Sinclair] that day?
>
> A. No, not that I recall.

N.T. PCRA Hearing, 10/8/19, at 40-41.

guilty pleas. The court specifically found that, "[b]y the conclusion of their conversation [at Lawrence County Corrections], [Sinclair] decided to forgo the withdrawal of his guilty pleas. Therefore, [Sinclair] has failed to establish his trial counsel coerced him into entering the guilty pleas and that counsel was ineffective for failing to file motions to withdraw his pleas." PCRA Court Opinion, 12/4/20, at 13.

We agree with the sound analysis of the PCRA court. Sinclair spoke to the court on the record during both his guilty plea hearing and his sentencing hearing, but he never raised the issue of coercion at either proceeding. Instead, Sinclair stated, on the record, that he entered his pleas of his own free will and that he was satisfied with Attorney Keith's representation. *See* N.T. Guilty Plea Hearing, 4/17/19, at 6-7; *see supra*, at n.10; *see also* Written Guilty Plea Colloquy, 4/17/19, at 4. As such, Sinclair is prohibited from now alleging that Attorney Keith actually coerced his pleas. *See* ***Commonwealth v. Brown***, 48 A.3d 1275, 1277-78 (Pa. Super. 2012) ("A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled."); *see also **Muhammad**, **supra**; **Kpou**, **supra***. Moreover, the PCRA court found that Attorney Keith testified credibly on the issue of whether Sinclair requested to withdraw his pleas. Since Attorney Keith's testimony is corroborated by the record, namely, the plea colloquies and testimonies of Investigator Wigton and Attorney Perkins, we are constrained to accept the credibility determinations of the PCRA court.

*See Treiber*, *supra*. Additionally, during the plea colloquy hearing, the court inquired into the factors set forth in Rule 590. *See Kpou*, *supra* at 1023-24. Under the totality of the circumstances, we find that Sinclair entered a knowing, intelligent, and voluntary plea, and we discern no error in the PCRA court's dismissal of Sinclair's petition. *See Ford*, *supra*.

Finally, insofar as Sinclair alleges the PCRA court erred in declining to grant relief where counsel was ineffective for failing, upon request, to withdraw Sinclair's guilty plea before sentencing, and finding that no manifest injustice occurred, we find that those claims are meritless. The PCRA court was within its discretion to determine that Attorney Keith testified credibly regarding whether Sinclair requested that his pleas be withdrawn prior to sentencing, and we are bound by that finding which is corroborated by the record. *See Treiber*, *supra*. Moreover, the sentencing transcript confirms Sinclair's failure to allege coercion at that later stage in the proceedings, which took place after Sinclair's meeting with Attorney Keith and Wigton. Finally, we find that no manifest injustice occurred since Sinclair's plea was, in fact, entered voluntarily and without coercion. *See Brown*, *supra* at 1277 (citing *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa. Super. 2007)) ("The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather 'all that is required is that appellant's decision to plead guilty be knowingly, voluntarily[,] and intelligently made.'") (brackets omitted). Indeed, we note that Sinclair was aware of his right to a jury trial and that he has successfully exercised his trial right in prior

proceedings within this Commonwealth. ***See*** N.T. PCRA Hearing, 10/8/19, at 17 ("Q. Mr. Sinclair, you talked about your [prior] case in Mercer [County]. You took that case to trial, correct? A. That is correct. Q. So[,] you knew that was an option here, but you still made the choice to plead guilty in th[ese Lawrence County] case[s], correct? A. That is correct.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/09/2021